19533. CHAMBERS *v.* THE STATE.

DECIDED MAY 14, 1929.

*P. Z. Geer,* for plaintiff in error.    *J. A. Drake, solicitor,* contra.

LUKE, J.   The accusation, which is in three counts, charges John G. Chambers with three separate and distinct assaults and batteries upon three different persons, to wit, Jeff Carter, Mrs. Jeff Carter, and Jesse Carter.

Briefly stated, the State's case is this:   At about 12 o'clock on the night of August 31, 1928, the defendant and four other persons came to the home where Jeff Carter, his wife, and their son, Jesse Carter, lived, for the avowed purpose of beating Willie Young, who was a niece of Jesse Carter, and was at the Carter home at the time.   The girl hid under a bed, and was not found by the defendant and his party.   After numerous shots had been fired into the house, the defendant severely beat all three of the Carters with a buggy-trace.   At the time, Jeff Carter was paralyzed, his wife was ill, and their son Jesse was unarmed.   Mrs. Carter never recovered from the beating she received, and died within two months of the time it was administered.

The defendant denied his guilt, and stated that at about half-past 9 o'clock of the night the Carters were said to have been attacked he went to Mr. Albritton's and that while there they heard several guns fire.   S. G. Albritton testified: that there was a case springing out of the same transaction pending against him; that on the night of the alleged attack on the Carters the defendant came to his house between nine and ten o'clock to see about a cow that was getting in the defendant's field, and that while they were talking at his gate they heard shooting in the direction of the Carter home; and that he did not know whether or not the defendant went to Carter's house (which was about half a mile from that of witness) after leaving his place.   The defendant failed to make out his alibi either by his statement or by the testimony of any witness, and we are at a loss to see how the jury could have rendered any other verdict than they did.

Special grounds 1, 2, 4, and 5, in effect, complain that the court so charged the jury as to lead them to believe that they could render only one of two verdicts, i. e., guilty on all three counts, or innocent on all three counts. The criticism appears to be well founded, but we are quite sure that the error indicated was not harmful to the defendant. The evidence as to each assault and battery is practically identical, and it is inconceivable that the jury could have found any reason, or even excuse, for rendering a verdict of guilty on one or two counts and a verdict of innocent on the other counts or count. Besides, the evidence is overwhelming that the defendant was guilty under every count of the accusation. Error without injury is not ground for reversal, and the court did not err in overruling the special grounds indicted.

In the only remaining special gound, number 3, complaint is made that there was no evidence to warrant the charge based upon section 103 of the Penal Code (1910), that opprobrious words or abusive language might justify an assault and battery. No doubt, the court was prompted to give this charge by a desire that the defendant might have the benefit of every inference that might be helpful to him; and Jesse Carter did testify as follows: "Me, nor my father, or mother cursed John Chambers." We think it would have been better to have omitted the charge under consideration, yet we fail to see how it could have been harmful to the defendant, and hold that is was not ground for a new trial.

*Judgment affirmed. Broyles, C. J. and Bloodworth, J., concur.*